**United States District Court**
**District of Massachusetts**

```
────────────────────────────────
                              )
NADEEM AFRIDI,                )
                              )
         Plaintiff,           )
                              )
         v.                   )    Civil Action No.
                              )    15-13632-NMG
RESIDENTIAL CREDIT SOLUTIONS, )
INC.,                         )
                              )
         Defendant.           )
                              )
────────────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

## I. Background

Plaintiff, Dr. Nadeem Afridi ("Dr. Afridi" or "plaintiff"), brought this case against Residential Credit Solutions, Inc. ("RCS" or "defendant") with respect to a rescheduled foreclosure sale. Plaintiff claims that defendant's conduct with respect to the sale was negligent and breached its duty of good faith and reasonable diligence.

Plaintiff has filed a complaint and successive motions for leave to amend that complaint. Defendant, in turn, has filed a motion for judgment on the pleadings with respect to the initial complaint and oppositions to both of plaintiff's motions for leave to amend.

In the original complaint, plaintiff alleges two claims:

(1) breach of the duty of good faith and reasonable diligence and (2) negligence.  Defendant has moved for judgment on the pleadings on both claims.

In the first amended complaint plaintiff seeks to add an additional claim: (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2605(f).  He also alleges additional facts regarding conduct which occurred after the original complaint was filed.  Specifically, plaintiff seeks to add an allegation that defendant's denial of plaintiff's HAMP modification application was unlawful.  Defendant opposes plaintiff's first motion to amend the complaint on the grounds that the amendment is futile.

In the second amended complaint, plaintiff seeks to join Bank of New York Mellon ("New York Mellon"), the current holder of the mortgage, and to add a fourth claim for declaratory judgment that defendant lacks standing to foreclose.  Defendant opposes the second amendment, again because it would be futile.

## II. **Factual and Procedural History**

Dr. Afridi purchased the real estate at issue ("the property") in 1998 and utilized it as an investment property from 2002 to 2004 and 2006 to the present.  In connection with his purchase of the property he secured a loan by granting a mortgage in favor of Registration Systems, Inc., which was ultimately assigned to New York Mellon.  RCS is the current

mortgage servicer.

Dr. Afridi was formerly employed as a cardiology consultant for an internal medicine program.  In 2011, he lost his job and fell behind on his mortgage payments.  In 2012 he filed for bankruptcy.  He has since become self-employed and he and his wife make a combined salary of $388,000 per year.

In September, 2015, defendant sought to foreclose on the property.  In order to avoid that outcome, plaintiff applied for a mortgage modification under the Home Affordable Modification Program ("HAMP").  Defendant denied the application as incomplete, initially without explanation.  Defendant ultimately provided a list of the missing documents and plaintiff updated his application.

In October, 2015, defendant scheduled a foreclosure sale without first rendering a decision on plaintiff's modification application.  On the eve of the foreclosure, defendant requested that plaintiff cross-collateralize his personal home in exchange for a modification of the mortgage which plaintiff declined.

Plaintiff then brought this suit and sought a preliminary injunction to stop the sale.  The parties agreed to postpone the sale until March 15, 2016, and plaintiff withdrew his motion for the preliminary injunction.

Defendant then denied plaintiff's modification application because it allegedly would have resulted in an increased

-3-

principal and interest payment.  Defendant based its denial on
two factors: an investor restriction which allegedly prohibited
a term extension of plaintiff's mortgage and its contention that
it had opted out of the default debt to income ratio
requirements of HAMP.  Plaintiff challenges both of those
grounds for denial.

Following the denial, plaintiff filed a notice of error
with defendant requesting supporting documents for defendant's
decision.  Shortly thereafter, defendant refused to provide the
requested documentation but summarily responded:

> RCS has reviewed the evidence submitted with your
> correspondence dated November 16, 2016 and has
> determined there is no proof or insufficient proof to
> support the dispute.  Therefore your dispute has been
> closed and there is no change in the original
> determination.

In response, plaintiff seeks to amend his complaint a
second time to include the recent facts regarding the denial of
his loan modification application and to seek a declaratory
judgment.

## III. **Pending Motions**

### A. Legal Standard

Defendant moves for judgment on the pleadings.  Fed. R.
Civ. P. 12(c).  Judgment on the pleadings follows the familiar
demurrer standard. Aponte-Torres v. Univ. of P.R., 445 F.3d 50,
54 (1st Cir. 2006) ("motions [under 12(b)(6) and 12(c)] are

ordinarily accorded much the same treatment"). The "modest
difference" between the two is that a "Rule 12(c) motion, unlike
a Rule 12(b)(6) motion, implicates the pleadings as a whole."
Id. at 54-55. We view the facts contained in the pleadings in
the light most favorable to the non-moving party and draw all
reasonable inferences in his favor. Id.

Defendant has also filed oppositions to plaintiff's motions
to amend the complaint on the grounds that they are futile. Fed.
R. Civ. P. 15(a)(2). As above, "in reviewing for futility, the
district court applies the same standard of legal sufficiency as
applies to a Rule 12(b)(6) motion." Glassman v. Computervision
Corp., 90 F.3d 617, 623 (1st Cir. 1996).

**B. Defendant's Motion for Judgment on the Pleadings**

**1. Count I**

Count I of plaintiff's original complaint alleges that
defendant breached the duty of good faith and reasonable
diligence.[1]  Under Massachusetts law, a foreclosing mortgagee has
a duty to act in good faith and to use reasonable diligence to
protect the interests of a mortgagor prior to exercising a power
of sale. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 941
N.E.2d 40, 49 (Mass. 2011). Plaintiff alleges that defendant

---

[1] This duty is not to be confused with the similar duty of good
faith and fair dealing, which is implied in every contract. See
Figueroa v. Fed. Nat. Mortgage Ass'n, No. 12-cv-11290-RWZ, 2013
WL 2244348, at *3 n.1 (D. Mass. May 20, 2013).

breached this duty by (1) denying plaintiff's first modification application as incomplete, (2) refusing to postpone the foreclosure sale while the application was pending, (3) refusing to provide a decision with respect to the modification application prior to the scheduled foreclosure and (4) requesting that plaintiff cross-collateralize his personal residence in exchange for a mortgage modification.

In plaintiff's first amended complaint, he makes additional allegations that: (5) defendant appeared at the preliminary injunction hearing and asserted that plaintiff's modification application was incomplete, contrary to earlier representations, (6) defendant denied the modification because it would have increased plaintiff's monthly principal and interest payments but then approved him for a trial modification that increased those payments by approximately $2,277, (7) defendant denied the modification for two mistaken reasons, (8) defendant improperly denied the modification because of an investor restriction, (9) defendant did not adequately respond to plaintiff's Notice of Error and (10) defendant postponed the foreclosure sale until March 15, 2016.

Count I was not modified in plaintiff's second amended complaint.

In defendant's three memoranda, it argues that Count I should be dismissed because "the duty of good faith and

-6-

reasonable diligence does not require a mortgagee to refrain from foreclosure while a mortgagor's application for a loan modification is pending." Figueroa v. Fed. Nat'l Mortg. Ass'n, No. 12-cv-11290-RWZ, 2013 WL 2244348, at *3 (D. Mass. May 20, 2013).  Plaintiff, in turn, relies on Blackwood v. Wells Fargo Bank, N.A., No. 10-cv-10483-JGD, 2011 WL 1561024, at *5 (D. Mass. April 22, 2011), which held that if "defendant[] foreclosed when [it] lacked the legal authority to do so, [it] acted in violation of [its] obligation to protect the mortgagor" and breached the covenant of good faith and reasonable diligence.

In Figueroa, Judge Zobel noted that "courts in this district have divided over th[e] question" of whether "proceeding with a foreclosure sale after the mortgagor has applied for a loan modification [] breach[es] a mortgagee's duty of good faith and reasonable diligence." Figueroa, 2013 WL 2244348, at *2.  Regardless of any conflict within the District, plaintiff faces a more precarious obstacle.  The reasoning in Blackwood, upon which plaintiff relies, has been explicitly rejected by the First Circuit Court of Appeals.  In Mackenzie v. Flagstar Bank, FSB, the court held that

> "[t]he problem with the decision in Blackwood is that
> the concept of good faith is shaped by the nature of the
> contractual relationship from which the implied covenant
> derives, and the scope of the covenant is only as broad
> as    the    contract    that    governs    the    particular

relationship."

738 F.3d 486, 492-93 (1st Cir. 2013).

Thus, the implied covenant of good faith cannot create rights and duties not otherwise provided for in the existing contractual relationship. Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 312 (D. Mass. 2010). The plaintiff has not alleged any contractual term requiring defendant to consider a loan modification prior to foreclosure.

That is not to say that a mortgagee is free to abuse the loan modification process in order to foreclose in bad faith. To the contrary, even in the absence of a contractual term, a mortgagee may not abuse the modification process so as to trick or gain an unscrupulous advantage over the mortgagor. Figueroa, 2013 WL 2244348, at *4.  Plaintiff has made several allegations which it purports show bad faith, specifically the perfunctory nature with which defendant treated plaintiff's modification application and defendant's request that plaintiff cross collateralize his primary residence.  That does not, however, rise to the level of the standard articulated in Figueroa, because defendant did not seek to trick or otherwise deceive plaintiff in order to foreclose in bad faith.

Accordingly, defendant's motion for judgment on the pleadings will be allowed with respect to Count I.

### 2. Count II

Count II of the original complaint alleges that defendant was negligent in refusing to suspend the foreclosure sale during modification review, in violation of the HAMP guidelines.

In the first amended complaint, plaintiff alleges further violations of the HAMP guidelines.  He apparently claims the guidelines instruct that if an investor has a restriction prohibiting a step in the modification process, the servicer is nevertheless obligated to complete the process subject to the restriction.  Plaintiff alleges that defendant did not meet its obligation and therefore was negligent.

Plaintiff makes no new allegations with respect to this count in the second amended complaint.

Defendant has two responses.  First, it contends it did not owe plaintiff a duty of care and therefore plaintiff's negligence claim is untenable.  In order to state a cognizable claim for negligence, a plaintiff must allege

> (1) a legal duty owed by defendant to plaintiff, (2) a breach of that duty, (3) proximate or legal cause and (4) actual damages.

Primus v. Galgano, 329 F.3d 236, 241 (1st Cir. 2003).  Under Massachusetts law, the relationship between a mortgagor and a mortgagee does not give rise to an independent duty of care. Murray v. Am.'s Servicing Co., 2009 WL 323375, at *5 (Mass. Super. Ct. January 12, 2009). A violation of a statute may

-9-

constitute evidence of negligence but does not, in itself, establish a duty. <u>Mackenzie</u>, 738 F.3d at 495.  Thus, even if defendant violated the HAMP guidelines, the plaintiff has failed to demonstrate an independent duty of care sufficient to support his negligence claim.

Defendant next declares that even if a duty is owed, plaintiff's claim should be dismissed under the economic loss doctrine.  The economic loss doctrine states that for claims based on negligence, "purely economic losses are unrecoverable . . . in the absence of personal injury or property damage." <u>Corcoran</u> v. <u>Saxon Mortg. Servs.</u>, No. 09-cv-11468-NMG, 2010 U.S. Dist. LEXIS 51040, at *11 (D. Mass. May 24, 2010) (dismissing plaintiff's claim that a mortgagee was negligent by increasing plaintiff's interest rate on the partial ground that his claim was barred by the economic loss doctrine).

Here, plaintiff has alleged a loss of equity in his property, increased mortgage arrears, damage to his credit, stress and anxiety due to the increased risk of losing property and costs and legal expenses.  None of those allegations amounts to either personal injury or property damage.  Instead, most of plaintiff's claimed damages are economic losses. <u>Id.</u> Furthermore, stress and anxiety are not recoverable unless tied to a physical harm. <u>Nancy P.</u> v. <u>D'Amato</u>, 401 Mass. 516, 519, 517 N.E.2d 824 (1988).  Accordingly, as plaintiff has failed to

-10-

allege actual damages, his negligence claim is barred by the economic loss doctrine.

Because no duty is owed by defendant to plaintiff and plaintiff has failed to allege actual damages, defendant's motion for judgment on the pleadings will be allowed with respect to Count II.

## C. Plaintiff's Motions to Amend the Complaint

### 1. Count III

Count III initially appears in the first amended complaint. It alleges that defendant violated the Real Estate Settlement Procedures Act, 15 U.S.C. § 2605(f).  Specifically, plaintiff alleges that he provided defendant with a Notice of Error in which he contended that defendant made errors in the process of servicing the modification request.  In response, defendant was required to conduct a reasonable investigation, provide plaintiff with a statement of the reasons for the determination, a statement of the borrower's right to request documents, information regarding how the borrower can request such documents and contact information. 12 C.F.R. § 1024.35(e)(1)(B). Plaintiff alleges that defendant did not abide by that directive and instead provided only the conclusory statement that "there is no proof or insufficient proof to support the dispute."

For a RESPA claim to be tenable, plaintiff must allege actual damages.  Plaintiff

> must [] plead either actual damages (demonstrable
> damages that occur as a result of the specific violation
> complained of) or statutory damages (requiring the
> showing of a pattern or practice of noncompliance by the
> servicer).

Kassner v. Chase Home Fin., LLC, No. 11-cv-10643-RWZ, 2012 U.S. Dist. LEXIS 10358, at *20, 2012 WL 260392 (D. Mass. Jan. 27, 2012) (internal quotations omitted).

Plaintiff has not alleged any pattern or practice of noncompliance and thus, statutory damages are not available.  He has, however, sufficiently alleged actual damages. Specifically, plaintiff claims that he suffered a loss of equity in his property, increased mortgage arrears, damage to his credit, stress and anxiety due to the increased risk of losing property and costs and legal expenses.  Crediting those statements as true, Aponte-Torres, 445 F.3d 50, 54 (1st Cir. 2006), plaintiff has pled damages sufficient for the Court to find that his claim is not futile. See Moore v. Mortgage Elec. Registration Sys., 848 F. Supp. 2d 107, 123 (D.N.H. 2012) (construing RESPA "liberally in favor of consumers").  Accordingly, Count III of the second amended complaint constitutes a viable, non-futile claim.

### 2. Count IV

Count IV, in the second amended complaint, seeks a declaratory judgment that defendant does not have standing to foreclose on the property.  Plaintiff alleges that in order to

foreclose on the property, defendant was required to record an affidavit from an authorized agent which certified compliance with the relevant statute.  That statute reads, in pertinent part:

> Prior to publishing a notice of a foreclosure sale . . .
> an officer or duly authorized agent of the creditor,
> shall certify compliance with this section in an
> affidavit based upon a review of the creditor's business
> records. . .

M.G.L. ch. 244, § 35B(f).

Apparently, defendant filed the requisite affidavit but the authorized agent did not record a power of attorney in the county or district in which the real estate lies.  Massachusetts General Laws Chapter 183, § 4, read in conjunction with M.G.L. ch. 183, § 32 requires such a recording.[2]  Section 32 states:

> The law relative to the acknowledgment and recording of
> deeds shall apply to letters of attorney for the
> conveyance of real estate.

Section Four reads, in pertinent part:

> A conveyance of an estate . . . shall not be valid as
> against any person . . . unless it . . . is recorded in
> the registry of deeds for the county or district in which
> the land to which it relates lies. . .

As defendant rightly points out, this claim is novel. Plaintiff has not provided, nor has the Court found, any Massachusetts case in which failure to record a power of

---

[2] In the second amended complaint, ¶76, plaintiff mis-cites the relevant provision as M.G.L. ch. 184, § 4.

attorney has stripped the mortgagee of standing to foreclose. That is, perhaps, because Section 35B(f) inures to the benefit of a third party purchaser. M.G.L. ch. 244, § 35B(f) ("The affidavit certifying compliance with this section shall be conclusive evidence in favor of an arm's-length third party purchaser . . . that the creditor has fully complied with this section and the mortgagee is entitled to proceed with foreclosure. . . .").

Nevertheless, defendant has failed to meet its burden of showing that such a novel claim is futile.  Accepting plaintiff's allegations as true, it is plausible that defendant improperly recorded its power of attorney, stripping it of standing to foreclose.  Accordingly, Count IV of the Second Amended Complaint states a viable claim.

Plaintiff's second motion to amend the complaint will, therefore, be allowed.  Plaintiff's first motion is moot because both of his amended claims are included in his second amended complaint.

## ORDER

For the foregoing reasons, defendant's motion for judgment on the pleadings (Docket No. 26) is **ALLOWED**.  Plaintiff's first motion to amend the complaint (Docket No. 22) is **DENIED** as moot. Plaintiff's second motion to amend the complaint (Docket No. 32) is **ALLOWED**.  Plaintiff is directed to file, on or before June 14, 2016, an amended complaint containing only the remaining viable claims presented to the Court.


**So ordered.**


/s/ Nathaniel M. Gorton _____
Nathaniel M. Gorton
United States District Judge

Dated May 24, 2016